Donald S. Davidson (SBN 231908)
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010
davidsonds@gtlaw.com

Alicia R. Intriago (SBN 320102)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
intriagoa@gtlaw.com

Eric D. Wong
(*Pro Hac Vice* Application Forthcoming)
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
wonge@gtlaw.com

Attorneys for Defendant
VERIZON COMMUNICATIONS INC.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE KAUFMAN, on his own behalf and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC., JOHN DOE, a resident of California, and DOES I - X,<br><br>Defendants. | CASE NO.<br><br>**CLASS ACTION**<br><br>**NOTICE OF REMOVAL BY DEFENDANT VERIZON COMMUNICATIONS INC. PURSUANT TO 28 U.S.C. SECTION 1332(d)(2)**<br><br>Removed from the Superior Court of California, County of Alameda, Case No. RG19021474<br><br>Action Filed:         May 31, 2019<br>Action Removed:    July 5, 2019 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Verizon Communications Inc. ("Verizon") hereby removes the above-captioned putative class action from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California.  Verizon denies the allegations and relief sought in the Complaint, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in their favor.  Verizon further files this Notice without conceding, and specifically reserving, its right to contest the suitability of this lawsuit for certification as a class action. Verizon will provide evidence and affidavits to support the allegations of this pleading if required in the event a challenge is raised to the Court's jurisdiction.[1]

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1.      On May 31, 2019, Plaintiff Jesse Kaufman ("Plaintiff"), individually and on behalf of all others similarly-situated, filed a Class Action Complaint (the "Complaint") against Verizon, captioned *Jesse Kaufman v. Verizon Communications, Inc., et al*., Case No. RG19021474, in the Superior Court of California, County of Alameda ("State Court Action").

2.      Plaintiff served Verizon on June 6, 2019.  The Complaint is the initial pleading setting forth the claim for relief upon which this action is based.  Pursuant to 28 U.S.C. § 1446(a), attached to this Notice as **Exhibit A** are true copies of all process, pleadings, and orders served upon Verizon in the State Court Action.

3.      Verizon is the only named defendant in the State Court Action.  The defendants designated as John Doe and Does I-X have not been named or served and are properly disregarded for the purpose of this removal.  28 U.S.C. § 1441(a); *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal.  Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.'  Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant.").

4.    This removal is timely because it is being filed within 30 days of service of the Complaint. 28 U.S.C. § 1446(b)(1).

## VENUE

5.    The Superior Court for Alameda County is located within the Northern District of California. 28 U.S.C. § 110.  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

## ALLEGATIONS OF THE COMPLAINT

6.    This putative class action was brought by Plaintiff on behalf of consumers he seeks to represent (Compl. ¶ 27).

7.    Plaintiff alleges that: (1) an unidentified "John Doe" stole Plaintiff's identity and used it to purchase approximately $2,562 worth of telephone equipment from Verizon (*id*. at ¶¶ 7-8); (2) after Plaintiff informed Verizon that he disputed the debt on the basis of identity theft, Verizon reported the debt to credit reporting agencies ("CRAs") as a "disputed" debt of Plaintiff and that this "caused those agencies to lower Plaintiff's credit score" (*id*. at ¶¶ 13, 15, 18, 22); (3) Verizon subsequently sent Plaintiff a letter enclosing a Form W-9 related to Verizon's write-off of the debt, to which Plaintiff responded by disputing that the debt was his or that he owed it (*id*. at ¶¶ 19-21); and (4) Verizon subsequently sent Plaintiff a Form 1099-C for tax year 2018, naming him as the debtor, and indicating a debt write-off in the amount of $2,280, which Plaintiff alleges is an amount the Internal Revenue Service ("IRS") requires to be included as part of the debtor's gross income on his federal income tax return (*id*. at ¶¶ 23-24).

8.    Plaintiff seeks to represent two proposed classes: the "Identity Theft Class" and the "W-9 Threat Class."

      a.    The proposed **Identity Theft Class** consists of "all California consumers (A) whose identity was stolen and whose stolen identity, including an address in California, was used by a person other than the consumer to create a debt to Verizon in the name of the consumer" and (B) who (1) filed a police report or a Department of Motor Vehicles investigative report, (2)  gave Verizon, within the four years plus 20 days preceding the filing of this complaint, a "First Notice" of their status as a victim of identity theft with

respect to the disputed debt (including providing the police or investigative report if requested by Verizon), and (3) continued to have Verizon assert against them, 20 days or more after the date of the First Notice, that the disputed debt was theirs (*id*. at ¶ 27). Within the Identity Theft Class, Plaintiff also seeks to represent three subclasses:

    i.    The proposed **Second Notice Subclass** consists of those members of the Identity Theft Class who sent Verizon a "Second Notice" disputing the debt on the basis of identity theft or whose debt was the subject of a CRA's request for validation received by Verizon.

    ii.    The proposed **CRA Furnisher Subclass** consists of all members of the Identity Theft Class to whom Verizon furnished information on the disputed debt to a CRA as a debt or disputed debt of the Identity Theft Class Member.

    iii.    The proposed **Filed 1099-C Subclass** consists of all members of the Identity Theft Class to whom Verizon sent, or filed with the IRS, a Form 1099-C that identified the member as the debtor for the disputed debt.

        (*id*.)

   b.    The proposed **W-9 Threat Class** consists of all California consumers to whom Verizon sent in the four years preceding the filing of the Complaint a demand for payment of a debt with an enclosed request to fill out and return a Form W-9 to Verizon (*id*.).

    9.    On behalf of Plaintiff and the putative class, the Complaint attempts to state claims for: (1) alleged violations of the California Identity Theft Law ("CITL"), Cal. Civ. Code § 1798.93(a), on behalf of the Identity Theft Class (*id*. at ¶¶ 38-44); (2) alleged violations of the CITL, Cal. Civ. Code § 1798.93(c)(6), on behalf of the Second Notice Subclass (*id*. at ¶¶ 45-50); (3) alleged violations of the CITL, Cal. Civ. Code § 1798.93(c)(6)(A) & (C), on behalf of the Second Notice Subclass (*id*. at ¶¶ 51-52); (4) alleged violations of the CITL, Cal. Civ. Code § 1798.93(c)(6)(B), on behalf of the Second Notice Subclass (*id*. at ¶¶ 54-56); (5) two claims for alleged violations of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25(a)(2)—one on behalf of the CRA Furnisher Subclass only and the other on behalf of both the CRA Furnisher and Second Notice Subclasses (*id*. at ¶¶ 57-70); (6) alleged violations of the California Unfair Competition Law, Bus. & Prof. Code §

17200 *et seq*., on behalf of both the Identity Theft Class and the W-9 Threat Class (*id*. at ¶¶ 71-78); and (7) a claim for negligence in filing Form 1099-C on behalf of the Filed 1099-C Subclass (*id*. at ¶¶ 79-83).

10.    On behalf of himself only, Plaintiff brings a state law negligence claim for failure to prevent fraud (*id*. ¶¶ 87-90) as well as a claim for common law theft against John Doe (*id*. at ¶¶ 84-86).

11.    The Complaint seeks, *inter alia*: (1) unquantified and unspecified actual damages on behalf of all class members; (2) unquantified and unspecified restitution on behalf of all class members; (3) injunctive relief on behalf of all class members; (4) civil penalties on behalf of the Second Notice Subclass of up to $30,000 per putative subclass member; (5) punitive damages of $5,000 per class member on behalf of members of the Second Notice and CRA Subclasses; (6) unquantified damages against John Doe for identity theft on behalf of Plaintiff only; (7) unquantified damages against Verizon for negligently allowing John Doe to obtain merchandise using Plaintiff's identity on behalf of Plaintiff only; and (8) for attorney's fees and costs (*id*. at ¶¶ 90(2), (5) - (12)).

12.    Verizon disputes Plaintiff's allegations, denies that the Complaint has merit, denies that the Class is certifiable, and denies that Plaintiff or the putative class has been harmed in any way.  Verizon also submits that this action does not satisfy the requirements for class certification under Fed. R. Civ. P. 23.

### SERVICE ON THE STATE COURT

13.    As required by 28 U.S.C. § 1446(d), Verizon will promptly file with the Clerk of the Alameda County Superior Court and serve on all parties a copy of this Notice of Removal.

### BASIS FOR REMOVAL

14.    This action is within the original jurisdiction of this Court, and removal is proper under CAFA, 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over putative class actions, involving over 100 putative class members, where any member of the putative class of plaintiffs is a citizen of a State different from any defendant, and in which the amount in controversy in the aggregate exceeds $5 million.  As set forth below, this action satisfies each of the requirements of § 1332(d)(2) for original jurisdiction under CAFA.

### Putative Class Action

15.    This action meets the CAFA definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure."

4

28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b).  Plaintiff seeks certification of a class under California Code of Civil Procedure § 382 (Compl. ¶ 27).

### Class Consisting of More than 100 Members

16.     Plaintiff alleges that the Identity Theft Class "would have more than 400 members."  (*id*. at ¶ 36).

17.     Although the putative class members in this case are inherently difficult, if not impossible, to identify with certainty given how Plaintiff defines the classes, Verizon's reasonably available records show that the classes alleged in the Complaint would exceed 100 individuals.  For example, with respect to the Identity Theft Class, which purports to include all "California consumers" who disputed a debt based on identity theft and continued to receive requests for payment from Verizon thereafter, according to Verizon's reasonably available records, during the claimed class period, at least approximately 3,687 consumers with a California billing address disputed debts owed to Verizon by claiming that their identities were stolen, but because of their failure to substantiate their disputes or for other valid reasons, the disputes were rejected and Verizon continued to seek payment of the debt from those consumers.  With respect to the W-9 Threat Class, the class is not defined as limited even to individuals who claim that they were the victims of identity theft, but rather purports to include all "California consumers" to whom Verizon sent a request to complete a W-9 with certain form language (*id*. at ¶ 27).  The exact number of consumers with a California billing address of whom Verizon has requested a W-9 is not readily determined based on Verizon's reasonably available records at this time, but the number would greatly exceed 100.  Accordingly, the aggregate number of members of the proposed classes is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).

### CAFA Diversity

18.     The required diversity of citizenship under CAFA is satisfied because "any member of a class of Plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

19.     For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and

coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010).  A corporation's principal place of business will typically be where the corporation maintains its headquarters.  *Id.* at 81.

20.     Verizon Communications Inc. is a Delaware corporation and maintains its principal place of business in New Jersey.  Accordingly, for purposes of assessing diversity in this case, Verizon is a citizen of Delaware and New Jersey.

21.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges that he is, and for all relevant time periods was, a resident of California.  While a "natural person's state citizenship is then determined by her state of domicile, not her state of residence" (*id.*), Verizon's independent investigation confirmed that, in addition to residing in California, additional evidence exists establishing that Plaintiff is a California domiciliary.[2]  Accordingly, Plaintiff is a citizen of California for diversity purposes.

22.     Doe defendants are disregarded when determining diversity jurisdiction for removal.  28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see Aguilar v. McKesson Corp.*, No. 1:16-CV-00308-LJO-SKO, 2016 U.S. Dist. LEXIS 61342, at *5-6 (E.D. Cal. May 6, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

23.     Along with other members of the alleged putative class, Plaintiff is not a citizen of the same states as Verizon.  Accordingly, at least one proposed class member (Plaintiff) is a citizen of a state

---

[2] Verizon's investigation determined through publicly available records and information, *inter alia*, that Plaintiff (a) resides in California; (b) owns property in California; (c) is employed in California; (d) owns a business in California; (e) is registered to vote in California; (f) has a California driver's license; and (g) has family in California.  These facts establish that Plaintiff is a citizen of California.  *See Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) ("To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States. . . .  [A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely. . . . [T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.").

different from a defendant, thus satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

**Amount in Controversy**

24.     Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6).  Without conceding any merit to the Complaint's allegations or causes of action, this jurisdictional threshold is met because, under Plaintiff's theories of recovery, the amount in controversy exceeds $5 million.

25.     Under CAFA, the amount in controversy "is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199*, 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).  When measuring the amount in controversy, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)); *Fritsch v. Swift Transportation Corp.*, 899 F.3d 784, 795 (9th Cir. 2018) ("when we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds").

26.     Furthermore, "Congress and the Supreme Court have instructed [courts] to interpret CAFA's provisions under section 1332 broadly in favor of removal." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).  "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

27.     Plaintiff seeks actual damages and restitution on behalf of the putative class members in both the Identity Theft Class and the W-9 Threat Class, but fails to allege the amount of damages sought. In such circumstances, the removing party may satisfy the amount in controversy requirement with information that demonstrates the scope of potential damages based on how the plaintiff has framed the claims and the relief sought and "explain[s] plausibly how the stakes exceed $5 million." *Grant v. Capital Mgmt. Servs., L.P.*, 449 F. App'x 598, 600 (9th Cir. 2011); *see also Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 401 (9th Cr. 2010) (reversing remand and finding that Verizon sufficiently established

that the amount in controversy could exceed $5 million by providing information that reflected the total potential scope of damages, since Verizon demonstrated in the notice of removal that "[t]he Plaintiff is seeking recovery from a pot that Defendant has shown could exceed $5 million."); *Mejia v. DHL Express (USA), Inc*., No. 15-cv-890-GHK JCX, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (accepting assumption of "100% violation rate" when assessing amount in controversy where defendant presented evidence of total wages paid as basis for removal of case asserting wage and hour claims); *Goel v. Coal. Am. Holding Co. Inc*., No. 11-cv-2349, 2011 WL 13128299, at *7 (C.D. Cal. May 19, 2011) (accepting evidence of total value of discounts as the "amount in controversy" as opposed to the portion of the total value that plaintiffs claimed were improper).

28.    Here, based on the information available and given Plaintiff's allegations, the amount in controversy exceeds $5 million.

29.    For example, as discussed above, based on Verizon's reasonably available records, there are at least approximately 3,687 individuals in the putative Identity Theft Class (consumers with a California billing address who disputed debts based on identity theft and continued to be billed for those debts) (*see* ¶ 17, *supra*).  According to Verizon's reasonably available records, the debts disputed by those individuals exceed approximately $7,918,365.20.  Plaintiff's claims for restitution on behalf of the putative class puts that entire amount in issue, and therefore, that amount is sufficient to satisfy the amount in controversy requirement here.  *See Turcios v. Carma Labs., Inc*., No. 12-cv-8487, 2012 WL 12893989, at *3 (C.D. Cal. Dec. 13, 2012) (accepting evidence that gross revenue exceeded $5 million in support of removal of restitution claim because defendant "must simply identify the 'pot' from which restitution will be taken," not the actual amount of restitution that might be due).

30.    In addition to actual damages and restitution, on behalf of the putative Second Notice Subclass, Plaintiff seeks civil penalties of up to $30,000 under Cal. Civ. Code § 1798.93(c)(6) and punitive damages of $5,000 under Cal. Civ. Code § 1785.31(a)(2)(B), per member of the proposed Second Notice Subclass.  That subclass is defined to include all members of the Identity Theft Class about whom Verizon received a "Second Notice", *i.e.*, a communication "either (1) from the consumer . . . which asserts Verizon continued to assert . . . that the Identity Theft Debt is a debt of the consumer, or (2) from a CRA seeking validation of the debt based on a dispute by the consumer" (Compl. ¶ 27).  At least 666 of the 3,687 potential members of the putative Identity Theft Class are also potential members of the Second Notice

8

Subclass because, based on Verizon's reasonably available records, Verizon either received a validation request from a credit reporting agency regarding the individual's credit reported debt or the individual disputed the credit reporting directly to Verizon.  Accordingly, the civil penalties and punitive damages Plaintiff seeks on behalf of the Second Notice Subclass exceed $5 million (666 x $35,000 = $23,310,000).

31.     The additional categories of relief Plaintiff seeks, while unquantified in the Complaint, further enlarge the amount in controversy:

      a.     Plaintiff's claim for attorney's fees is properly included in the amount in controversy calculation, *see Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[b]ecause the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy"); and

      b.     Plaintiff's claim for injunctive relief is properly included in the amount in controversy calculation, *see Fritsch*, 899 F.3d at 793 (citing *Gonzales v. Carmax Superstores, LLC*, 849 F.3d 644, 648-49 (9th Cir. 2016); *Lowdermilk v. U.S. Nat'l Bank Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

32.     Accordingly, the amount Plaintiff has placed in controversy exceeds the $5,000,000 threshold.

## SUPPLEMENTAL JURISDICTION

33.     In addition, removal of Plaintiff's two claims brought solely on behalf of himself—his theft claim against John Doe and his negligence claim against Verizon for failure to prevent fraud—may be removed pursuant to 28 U.S.C. § 1367(a) because this Court has original jurisdiction over Plaintiff's First through Eighth Causes of Action pursuant to CAFA.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) ("once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy").

///

///

## RESERVATION OF RIGHTS AND DEFENSES

34.     By filing this Notice of Removal, Verizon does not waive any defenses that may be available to it and reserves all such defenses.  In addition, Verizon does not concede that Plaintiff states any claim upon which relief can be granted, or that Plaintiff is entitled to any relief of any nature. Nonetheless, Plaintiff's claims, as pleaded in the Complaint at the time of removal, "whether well or ill founded in fact, fixes the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 202 U.S. 283, 294 (1938).

35.     If any challenges to the propriety of the removal of this action arise, Verizon respectfully requests the opportunity to present additional supportive evidence, affidavits, and oral argument.

WHEREFORE, Verizon Communications Inc. hereby removes this Action to this Court from the Superior Court of Alameda County.

Respectfully submitted,

Dated:  July 5, 2019          GREENBERG TRAURIG, LLP

By:     ___*/s/ Donald Davidson*___
Donald Davidson
Eric Wong
Alicia Intriago
*Attorneys for Verizon Communications Inc.*

**EXHIBIT A**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>Verizon Communications, Inc.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>Jesse Kaufman | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>May 31, 2019<br><br>CLERK OF<br>THE SUPERIOR COURT<br><br>By Xian-xii Bowie, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* Alameda Superior Court<br>1225 Fallon St.<br>Oakland, CA 94612 | *(Número del Caso):*<br>RG19021474 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado, o del demandante que no tiene abogado, es):*
S. Chandler Visher, 268 Bush St. #4500, San Francisco, CA 94104 (415) 901-0500

| DATE:<br>*(Fecha)* May 31, 2019 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* Verizon Communications, Inc.

under: [✓] CCP 416.10 (corporation)         [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)         [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)

[ ] other *(specify):*
4. [✓] by personal delivery on *(date):* 6/4/19

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

Date Served: 6/4/19
Time Served: HO
Server: MT   3441666

1  LAW OFFICES OF S. CHANDLER VISHER
   S. Chandler Visher, State Bar No. 52957
2  268 Bush St. #4500
3  San Francisco, California 94104
   Telephone (415) 901-0500
4  Facsimile (415) 901-0504

5  Alan M. Kaufman, State Bar No. 57449
6  369 Pine Street, Suite 218
   San Francisco, California 94104
7  Telephone No. (415) 956-7770
   Fax No. (415) 956-7773
8  Email alan@kaufmanlawsf.com

9

10  Attorneys for Plaintiff

**FILED BY FAX**
ALAMEDA COUNTY

May 31, 2019

CLERK OF
THE SUPERIOR COURT
By Xian-xii Bowie, Deputy

CASE NUMBER:
**RG19021474**

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                         **COUNTY OF ALAMEDA**

13  JESSE KAUFMAN, on his own behalf          (CLASS ACTION)
14  and on behalf of all those similarly
    situated,                                  No.
15
            Plaintiff,
16                                             COMPLAINT FOR PUBLIC
        v.                                     INJUNCTION AND OTHER RELIEF
17  VERIZON COMMUNICATIONS,                    FOR VIOLATION OF CALIFORNIA
    INC., JOHN DOE, a resident of             CONSUMER PROTECTION LAWS;
18  California, and DOES I – X,               AND FOR DAMAGES FOR FRAUD
                                               AND NEGLIGENCE
19            Defendants

20
21          Comes now Plaintiff JESSE KAUFMAN and alleges the following:
22                              **PARTIES**
23      1.      At all times mentioned in this complaint, Plaintiff JESSE KAUFMAN

("Plaintiff") was and is a resident of, and, on information and belief, all causes of action arose in,
24
Alameda County, State of California.
25
        2.      Defendant VERIZON COMMUNICATIONS, INC. (hereafter "Verizon"), a
26
corporation which does business throughout California. Verizon's Customer Financial Services
27
28

---

**CLASS ACTION COMPLAINT**

1 of 26

1    department uses the name Verizon Recovery; Verizon also operates using the name Verizon

2    Wireless.

3         3.     JOHN DOE is a name assigned to a male California resident who in the Spring of

4    2017 unlawfully used the identity of Plaintiff to purchase goods and services, including

5    telephone equipment from defendant Verizon. The Complaint will be amended at such time as

6    the true name of the person sued as John Doe becomes known.

7         4.     The true names or capacities, whether individual, corporate, associate or

8    otherwise, of defendants named herein as DOES I through X, inclusive, are unknown to Plaintiff,

9    who is informed and believes that each of these fictitiously named defendants is in some way

10    liable to Plaintiff, and Plaintiff therefore sues said Defendants by such fictitious names.

11    Specifically, but without limitation, Plaintiff believes the fictitiously named defendants may be

12    alter-egos of Verizon, successor or parent corporations, related entities and individuals and

13    entities involved in the conduct alleged herein. Plaintiff will amend this Complaint to show the

14    true and correct names and capacities of said fictitiously named defendants when the same have

15    been ascertained. Verizon and Does I through X are collectively referred to as Verizon.

16         5.     Plaintiff is informed and believes that, at all times herein mentioned, each

17    defendant herein named, except John Doe, including those named fictitiously, were the agents,

18    employees or representatives of each other in doing the things herein alleged and, in so doing,

19    were acting in the course and scope of that agency, employment or representation and with the

20    permission, consent or ratification of their co-defendants. As such, the defendants, and each of

21    them, including those named fictitiously, are jointly and severally liable to Plaintiff.

22                    **FACTS OF THEFT OF PLAINTIFF'S IDENTITY**

23         6.     In or about April of 2017 John Doe assumed Plaintiff's identity and used it to

24    obtain credit for the purchase of goods, including telephone equipment from Verizon.

25         7.     On information and belief the purchase price of the telephone equipment John

26    Doe bought from Verizon using Plaintiff's identity was approximately $2,562.

27         8.     With due care and attention to the possibility of identity theft, Verizon could have

28    prevented John Doe from using Plaintiff's identity to purchase goods from it.

---

**CLASS ACTION COMPLAINT**

9.    Some time in the Spring of 2017 Plaintiff became aware that his identity had been stolen and used to make purchases, including the purchases of telephone equipment from Verizon.

10.    On learning that his identity had been used to make purchases he did not authorize or know about, Plaintiff filed an identity theft police report.

11.    In or about April or May of 2017, Verizon billed Plaintiff for more than $2,500, based on the purchase made by John Doe.

12.    Soon after receiving the Verizon bill based on the identity theft debt, Plaintiff, through Plaintiff's counsel Alan Kaufman, advised Verizon in writing that the debt was not that of Plaintiff but the result of identity theft.

13.    Plaintiff provided Verizon with all verification documents proving the identity theft which it requested, including the police report, if requested.

14.    After it received the identity theft information from Plaintiff, Verizon stopped billing Plaintiff for John Doe's purchases from it.

15.    Unknown to Plaintiff, however, Verizon reported the identity theft purchase to credit reporting agencies (CRA's) as an actual debt of the Plaintiff, merely noting in its reports to those agencies that the debt was "disputed."

16.    On information and belief, the supposed Verizon debt appeared on Plaintiff's credit report from approximately June of 2017 to the present, as shown in Exhibit A hereto, which is a true copy of a page from Plaintiff's Experian credit report dated February 12, 2019.

17.    On information and belief, Verizon reports the status of debts allegedly owed to it to the CRA's at least once a month.

18.    On information and belief, the credit information supplied to Experian and other credit reporting agencies by Verizon, as shown in Exhibit A, caused those agencies to lower Plaintiff's credit score, which is actual damage and loss of money or property.

19.    In early December of 2018 Plaintiff received from Verizon a demand, dated November 29, 2018, a true copy of which is attached hereto as Exhibit B, for payment of John

**CLASS ACTION COMPLAINT**

1  Doe's debt to Verizon which was incurred using Plaintiff's stolen identity.  The demand letter in

2  Exhibit B states:

3                a.   That Verizon is "required to report to the IRS on a Form 1099-C" that it

4                     has written off the unpaid identity theft debt for equipment it asserts is

5                     owed by Plaintiff.

6                b.   That the "IRS requires you to furnish this information [as requested on

7                     Form W-9] to us on a Form W-9.  If you fail to do so, you may be subject

8                     to a $50 penalty imposed by the IRS."  The letter instructs Plaintiff to send

9                     the completed W-9 to "Verizon Recovery" by January 15, 2019.

10              c.   That "to prevent us from being required to report to the IRS, you can make

11                     payment on the unpaid equipment charges by December 31, 2018" and

12                     "If payment has already been made, thank you -- you do not need to

13                     complete or return Form W-9, and we will not be reporting anything to the

14                     IRS."

15       20.     The Verizon demand letter enclosed a Form W-9, also included in Exhibit B, the

16  instructions for which stated: "An individual or entity (Form W-9 requester) who is *required to*

17  *file an Information return* with the IRS must obtain your correct taxpayer identification number."

18  (Italics added.)

19       21.     In response to Verizon's November 29 demand letter shown in Exhibit B, on

20  December 17, 2018, Plaintiff's counsel Alan Kaufman sent a letter to Verizon, a true copy of

21  which is attached hereto as Exhibit C.  Alan Kaufman's letter in Exhibit C reminds Verizon: (1)

22  "that Jesse Kaufman has never had an account with Verizon for service or equipment;" (2) that

23  "You previously sent bills for service and equipment to Jesse Kaufman;" (3) that "Upon receipt

24  of the bills, I wrote to you advising you that Jesse Kaufman never open[ed] an account with or

25  purchased or leased equipment from Verizon and that any transactions that may have occurred

26  were by an imposter using Jesse Kaufman's personal Identification information without his

27  knowledge or authorization," and; (4) that "Presumably you researched the matter based on the

28

---

**CLASS ACTION COMPLAINT**

1  information I previously provided and determined that Jesse Kaufman had no liability to Verizon
2  as you ceased billing him."

3        22.    On information and belief, Verizon reported the purported debt owed by Plaintiff
4  to the CRA's, as shown in Exhibit A, at least two times after receiving Alan Kaufman's letter
5  shown in Exhibit C.

6        23.    Verizon made no response to Alan Kaufman's December 17 letter, but in early
7  February, 2019, Plaintiff received a Form 1099-C for tax year 2018 naming him as the debtor,
8  "Verizon Recovery" as the creditor, and giving the "debt description" as "EQUIP WRITE-OFF,"
9  and the amount of the debt written off as $2,280.  A true copy of the Form 1099-C Plaintiff
10  received from Verizon is attached hereto as Exhibit D.

11        24.    On information and belief, Verizon filed the Form 1099-C, as in Exhibit D, with
12  the Internal Revenue Service ("I.R.S.").

13        25.    I.R.S. regulations require a person who receives a valid Form 1099-C to include
14  the amount of the debt written off as part of their gross income on their federal income tax
15  return. 26 U.S.C. § 61.

16        26.    It is unlikely that Plaintiff will have his identity stolen in the future, and more
17  unlikely that, if his identity were stolen, the thief would incur a debt in Plaintiff's name to
18  Verizon.  It is still more unlikely that Verizon would, after notice from Plaintiff of the identity
19  theft nature of the debt, continue to seek to collect the debt from Plaintiff by sending him a
20  demand for payment or by reporting the debt to a consumer reporting agency.  Absent a public
21  injunction halting its unfair business practices, Verizon will continue to use them.

## CLASS DEFINITION

22
23        27.    Pursuant to California Code of Civil Procedure 382, representative Plaintiff brings
24  this action on his own behalf and on behalf all persons similarly situated, consisting of two
25  classes and three subclasses, defined as follows:

## IDENTITY THEFT CLASS

26
27        The Identity Theft Class consists of all California consumers (A) whose identity
28  was stolen and whose stolen identity, including an address in California, was used by a

---

**CLASS ACTION COMPLAINT**

person other than the consumer to create a debt to Verizon in the name of the consumer (the "Identity Theft Debt"), and (B) who meet the following three requirements: (1) the consumer filed a police report, or a Department of Motor Vehicles investigative report, pursuant to Section 530.5 of the Penal Code; (2) the consumer gave Verizon, within the four years plus 20 days preceding the filing of this complaint, a First Notice* of their status as a victim of identity theft with respect to the Identity Theft Debt and; (3) Verizon continued to assert against the consumer, 20 days or more after the date of the First Notice (by means of a simple demand for payment, a demand for payment coupled with a threat to file a Form 1099-C, a report to a CRA, the filing or sending to the consumer a Form 1099-C for the Identity Theft Debt, or otherwise), that the Identity Theft Debt was that of the consumer. Some members of the Identity Theft Class are also members of one or more of the following three subclasses of the Identity Theft Class:

**SECOND NOTICE SUBCLASS**

The Second Notice Subclass consists of those members of the Identity Theft Class who sent Verizon a Second Notice.**

**CRA FURNISHER SUBCLASS**

The CRA Furnisher Subclass consists of all members of the Identity Theft Class for whom Verizon furnished, on a date 20 or more days after the date of the First Notice, information on the Identity Theft Debt to a consumer credit reporting agency ("CRA") as a debt, or disputed debt, of the Identity Theft Class member.

**FILED 1099-C SUBCLASS**

The Filed 1099-C Subclass consists of all Identity Theft Class members for whom Verizon's records show it either sent to the Identity Theft Class member, or filed with the IRS, a Form 1099-C which identified the Identity Theft Class member as the debtor for the Identity Theft Debt, such as in Exhibit D hereto.

* A First Notice is a written communication to Verizon, as shown by Verizon's records, or by proof submitted in this action, which advises that a situation of identity theft might exist, *provided that,* if Verizon's records show it requested the consumer provide a copy of the

---

**CLASS ACTION COMPLAINT**

1    consumer's report of the identity theft to governmental authorities, Verizon's records, or proof

2    submitted in this action, also shows the consumer provided a valid copy of the police report or

3    the Department of Motor Vehicles investigative report filed pursuant to Section 530.5 of the

4    Penal Code at least 30 days prior the date this action was filed, in compliance with Cal. Civ.

5    Code § 1798.93, subparagraph (c)(5).

6        ** A "Second Notice" is a communication to Verizon, on a date at least 20 days after the

7    date of the First Notice, either (1) from the consumer (evidenced by Verizon's records, or shown

8    by proof herein), which asserts Verizon continued to assert, after the presumed receipt of the

9    First Notice, that the Identity Theft Debt is a debt of the consumer, or (2) from a CRA seeking

10    validation of the debt based on a dispute by the consumer.  Exhibit C hereto is an example of a

11    written Second Notice, but second notices may also be given verbally.

## W-9  THREAT CLASS

13        The W-9 Threat Class consists of all California consumers to whom Verizon sent,

14        in the four years preceding the filing of this complaint, a demand for payment of a debt,

15        with an enclosed request to fill out and return a Form W-9 ("W-9 Demand Letter"), such

16        as the one in Exhibit B hereto, and which includes at least one of the statements in

17        Exhibit B which are quoted in paragraph 19, above.

## CLASS ALLEGATIONS

19    28.     Plaintiff is a member of both Classes and of all three Subclasses.

20    29.     There is a well-defined community of interest in the questions of law and fact

21    involved affecting Plaintiff and the Classes in that the questions of fact and the questions of law

22    and what remedy is necessary to compensate and protect the Classes, are common to each

23    member of the Classes. These questions of law and fact predominate over questions that affect

24    only individual members of the Classes. The claim of the representative Plaintiff is typical of

25    those of the Classes and Subclasses and the representative Plaintiff will fairly and adequately

26    represent the interests of the Classes and Subclasses.

27    30.     There is no plain, speedy, or adequate remedy other than by maintenance of this

28    class action, since the damage or restitution to each  member of the Classes may be relatively

---

**CLASS ACTION COMPLAINT**

1    small, making it economically unfeasible to pursue remedies other than a class action.
2    Consequently, there would be a failure of justice but for the maintenance of the present class
3    action.

4         31.     The prosecution of individual actions by members of the Classes would tend to
5    establish inconsistent standards of conduct for Verizon and to result in the impairment of
6    members' rights and the disposition of their interests through actions to which they were not
7    parties; it would also result in the unnecessary duplication of effort and expense.

8         32.     The Identity Theft Class may, through common proof, show that it is entitled,
9    pursuant to Cal. Civ. Code § 1798.93, to a declaration that the Identity Theft Debts are not owed
10   by its members, and to an injunction preventing Verizon from attempting to collect the Identity
11   Theft Debt, and to dismissal of any action by Verizon seeking to collect the debts from Class
12   members.

13        33.     Each member of the W-9 Threat Class may show through common proof that it
14   was sent a false and deceptive W-9 Demand Letter by Verizon seeking payment of a debt. The
15   money paid to Verizon as a result of a W-9 Demand Letter may be proven by Verizon's records.

16        34.     Actual damages of, or restitution due, any member of the Classes is, in many
17   cases, quite small.  Plaintiff prosecutes this action primarily for injunctive and restitutionary
18   relief, which will have the largest benefit to the Classes.

19        35.     On information and belief, Plaintiff alleges that the Classes consist of a large
20   number of persons. On information and belief, Verizon uses the form of W-9 Demand Letter sent
21   to Plaintiff for all debtors for whom it intends to write off the debt, regardless of whether the
22   debt is an actual debt of the Class member or an Identity Theft Debt.  An online report by
23   IdentityForce states: "In 2017, 6.64 percent of consumers became victims of identity fraud, or
24   about 1 in 15 people.  That equals 16.7 million victims last year, an increase of 1 million from
25   2016." In 2016 the population of the United States was about 330 million and that of California
26   about 40 million, or about 12% of the total.  If the number of identity theft victims in the United
27   States in the four years preceding the filing of this complaint were 66.8 million (16.7 million x
28   4), the number of victims in California would be about 8 million (12%).

---

**CLASS ACTION COMPLAINT**

36.     In a February 22, 2019, internet posting by Verizon executive vice president and group president of Verizon Wireless Ronan Dunne entitled "Protecting our customer from identity theft and fraud," he states that "Identity theft criminals target Verizon customers because we're the only large U.S. communications provider that sells devices that are unlocked upon sale.  It means after the device leaves our inventory, it will work on any compatible network."  The posting goes on to state that these criminals "impact about 7,000 customers every month."  One of these victims posted a February 26, 2018 online article titled "Identity Theft: How I spent $1,412.25 at Verizon Wireless."  In four years, this identity theft targeting Verizon phones would affect 336,000 people; if 12% of them lived in California that would be more than 40,000 purchases from Verizon through identity theft.  If Verizon only continued to try to collect from 1% of these victims after receiving a First Notice, the Identity Theft Class would have more than 400 members.

37.     Plaintiff in this action will fairly and adequately protect the interests of the members of the Classes, since Plaintiff possesses no interest which is adverse to the interests of absent members of either Class, and since Plaintiff has retained counsel experienced in the prosecution of class actions.

## FIRST CAUSE OF ACTION

(To establish Identity Theft Class as victims of identity theft

and Verizon as claimant; Cal. Civ. Code § 1798.93(a))

38.     Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37 of this complaint.

39.     Cal. Civ. Code § 1798.93(a) provides: "A person may bring an action against a claimant to establish that the person is a victim of identity theft in connection with the claimant's claim against that person."

40.     Cal. Civ. Code § 1798.92(a) defines a "Claimant" as "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft."  Verizon is a claimant with respect to members of the Identity Theft Class.

---

**CLASS ACTION COMPLAINT**

41.     Cal. Civ. Code § 1798.92 (b)  defines "Identity theft" as "the unauthorized use of another person's personal identifying information to obtain credit, goods, services, money, or property."

42.     Cal. Civ. Code § 1798.93(c)(5)  provides: "In order to recover actual damages or attorney's fees in an action or cross-complaint filed by a person alleging that he or she is a victim of identity theft, the person shall show that he or she provided written notice to the claimant that a situation of identity theft might exist, including, upon written request of the claimant, a valid copy of the police report or the Department of Motor Vehicles investigative report promptly filed pursuant to Section 530.5 of the Penal Code at least 30 days prior to his or her filing of the action, or within his or her cross-complaint pursuant to this section."  The First Notice meets the "written notice" requirement of this section.

43.     All members of the Identity Theft Class  have the right to recover actual damages and attorney fees pursuant to Cal. Civ. Code § 1798.93(c)(5).

44.     All members of the Identity Theft Class  also have the right to an injunction and other relief as described in  Cal. Civ. Code § 1798.93(c)(1) – (c)(4).

## SECOND CAUSE OF ACTION

(Civil penalties for violation of the Identity Theft Law by Verizon, on behalf of Second Notice Subclass; Cal. Civ. Code § 1798.93(c)(6))

45.     Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37 of this complaint.

46.     Cal. Civ. Code § 1798.93(c)(6) provides that a victim of identity theft may obtain: "A civil penalty, in addition to any other damages, of up to thirty thousand dollars ($30,000) if the victim establishes by clear and convincing evidence all of the following:

(A) That at least 30 days prior to filing an action or within the cross-complaint pursuant to this section, he or she provided written notice to the claimant at the address designated by the claimant for complaints related to credit reporting issues that a situation of identity theft might exist and explaining the basis for that belief.

(B) That the claimant failed to diligently investigate the victim's notification of a

**CLASS ACTION COMPLAINT**

1    possible identity theft.

2    (C) That the claimant continued to pursue its claim against the victim after the

3    claimant was presented with facts that were later held to entitle the victim to a

4    judgment pursuant to this section."

5    47.    The existence of the First Notice in Verizon's records for a Class member

6    demonstrates compliance by the Second Notice Subclass members with subparagraph (A) quoted

7    in paragraph 46, above.

8    48.    The fact that Verizon continued to assert its right to collect the Identity Theft

9    Debt from members of the Second Notice Subclass after the First Notice demonstrates that it did

10    not "diligently investigate" the matter, and demonstrates compliance by members of the Second

11    Notice Subclass with the requirements of subparagraph (B) quoted in paragraph 46, above.

12    49.    The fact that Verizon continued to assert a right to payment of the Identity Theft

13    Debt from members of the Second Notice Subclass after receipt of the First Notice, as evidenced

14    by the Second Notice, demonstrates that the Second Notice Subclass members have met the

15    requirements of subparagraph (C) quoted in paragraph 46, above.

16    50.    All members of the Second Notice Subclass are entitled to civil penalties.

## THIRD CAUSE OF ACTION

17

18    (To establish proper notice to, and contued debt collection by, Verizon pursuant to Identity Theft

19    Law on behalf of Second Notice Subclass; Cal. Civ. Code § 1798.93(c)(6)(A) & (C))

20    51.    Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37 of

21    this complaint.

22    52.    Cal. Civ. Code § 1798.93(c)(6) provides that a victim of identity theft may obtain:

23    "A civil penalty, in addition to any other damages, of up to thirty thousand dollars ($30,000) if

24    the victim establishes by clear and convincing evidence all of the following:

25    (A) That at least 30 days prior to filing an action or within the cross-complaint

26    pursuant to this section, he or she provided written notice to the claimant at the

27    address designated by the claimant for complaints related to credit reporting

28    issues that a situation of identity theft might exist and explaining the basis for that

---

**CLASS ACTION COMPLAINT**

1    belief.

2        (B) . . .

3        (C) That the claimant continued to pursue its claim against the victim after the

4            claimant was presented with facts that were later held to entitle the victim to a

5            judgment pursuant to this section."

6    53.    All members of the Second Notice Subclass who do not meet the requirements for

7    relief pursuant to the Second Cause of Action are entitled to a declaration that they have

8    established that they meet the requirements of subparagraphs (A) and (C) quoted above.

9                              **FOURTH CAUSE OF ACTION**

10       (To establish Verizon's failure to diligently investigate pursuant to Identity Theft Law on

11           behalf of Second Notice Subclass; Cal. Civ. Code § 1798.93(c)(6)(B))

12   54.    Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37 of

13   this complaint.

14   55.    Cal. Civ. Code § 1798.93(c)(6) provides that a victim of identity theft may obtain:

15   "A civil penalty, in addition to any other damages, of up to thirty thousand dollars ($30,000) if

16   the victim establishes by clear and convincing evidence all of the following:

17       (A) . . .

18       (B) That the claimant failed to diligently investigate the victim's notification of a

19           possible identity theft.

20       (C) . . ."

21   56.    All members of the Second Notice Subclass who do not meet the requirements for

22   relief pursuant to the Second Cause of Action are entitled to a declaration that they have

23   established that they meet the requirements of subparagraph (B), quoted above.

24                              **FIFTH CAUSE OF ACTION**

25       (Negligent violation of the California Consumer Credit Reporting Agencies Act,

26           by Verizon, on behalf of CRA Furnisher Subclass; Cal. Civ. Code § 1785.25(a))

27   57.    Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37 of

28   this complaint.

---

**CLASS ACTION COMPLAINT**

1    58.    Verizon reported the Identity Theft Debt of Plaintiff and of members of the CRA

2  Furnisher Subclass to Experian or other credit reporting agencies in ways that resulted in

3  negative entries in the credit file of those persons, such as, for example, is shown in Exhibit A

4  hereto.

5    59.    Verizon knew or should have known that the information it gave to the CRA's

6  was false because it knew or should have known that the Identity Theft Debt of Plaintiff and of

7  members of the CRA Furnisher Subclass were not debts they owed.

8    60.    The purpose of furnishing the incorrect information to the CRA's was to damage

9  the credit scores and standing of the CRA Furnisher Subclass members in order to gain leverage

10  in Verizon's effort to collect the alleged debts.

11    61.    On information and belief, when consumers did, on occasion, dispute to consumer

12  credit reporting agencies the validity of the "debt," Verizon verified to the CRA's that the

13  Identity Theft Debt was legitimate and accurate.

14    62.    Defendant violated Civil Code § 1785.25 (a) each time it furnished inaccurate or

15  incomplete information about an Identity Theft Debt to a consumer credit reporting agency.

16    63.    Plaintiff, and all members of the Identity Theft Class, are consumers within the

17  meaning of section 1785.3 (b) of the California Consumer Credit Reporting Agencies Act in that

18  they are all natural individuals.

19    64.    Plaintiff and the CRA Furnisher Subclass suffered damages as a result of the

20  violations of Civil Code § 1785.25 (a) as set forth above in that their credit score and credit

21  rating were adversely impacted by the false reporting of the Identity Theft Debts.

22    65.    Plaintiff and each CRA Furnisher Subclass member is entitled to recover actual

23  damages pursuant to Civil Code § 1785.31(a)(2)(A), court costs, and attorney's fees.

24    66.    Plaintiff and the CRA Furnisher Subclass are entitled to injunctive relief pursuant

25  to Civil Code § 1785.31 (b). Verizon continues to report the false information about the Identity

26  Theft Debts to consumer reporting agencies, and such information will remain on their credit

27  reports for up to seven years into the future unless Verizon is enjoined to remove the

28  information.

---

**CLASS ACTION COMPLAINT**

1

2                              **SIXTH CAUSE OF ACTION**

3              (Willful violation of the California Consumer Credit Reporting Agencies Act,

4              by Verizon, on behalf of persons who are members of both the Second Notice

5                   and CRA Furnisher Subclasses; Cal. Civ. Code § 1785.25(a))

6         67.    Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37, and

7    58 – 66, of this complaint.

8         68.    Each report to a CRA of a Second Notice Subclass member's Identity Theft Debt

9    20 or more days after the date of the Second Notice was a willful violation in that Verizon

10   intentionally and knowingly furnished inaccurate information to the consumer credit reporting

11   agencies.

12        69.    Plaintiff and each person subject to a report described in paragraph 68, above, is

13   entitled to recover punitive damages pursuant to Civil Code § 1785.31(a)(2)(B) in the amount of

14   $5,000 against Verizon.

15        70.    In addition, all persons subject to a report as described in paragraph 68, as a

16   whole, are entitled to recover punitive damages in an amount the Court may allow. In

17   determining the amount of award in any class action, the Court shall consider, among relevant

18   factors, the amount of any actual damages awarded, the frequency of the violations, the resources

19   of the violator and the number of persons adversely affected.

20                            **SEVENTH CAUSE OF ACTION**

21                     (Unfair Business Practices Act violations by Verizon,

22                  on behalf of both Classes; Bus. & Prof. Code § 17200, et seq.)

23        71.    Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37 of

24   this complaint.

25        72.    The Unfair Business Practices Act, California Business and Professions Code §

26   17200, et seq. ("UBPA"), also known less descriptively as the Unfair Competition Law ("UCL"),

27   prohibits any unlawful, unfair or fraudulent business act or practice.

28        73.    Verizon's conduct constitutes illegal business practices within the meaning of the

---

**CLASS ACTION COMPLAINT**

1    CUBPA in that Verizon unfairly, unlawfully and fraudulently, sent false and misleading W-9

2    Demand Letters to members of the Classes.

3         74.    The W-9 Demand Letter was particularly unfair, false, fraudulent and misleading

4    with respect to the Identity Theft Class because the debts sought to be collected from the Class

5    members were not actually their debts.

6         75.    The W-9 Demand Letter violated the UBPA as to all members of the W-9 Threat

7    Class in several ways, including:

8              a.  Its statement that Verizon is "required to report to the IRS on a Form

9                  1099-C" is false and misleading because Verizon is not an entity that is

10                 "required to report to the IRS" when it writes off a debt; such filing is

11                 entirely voluntary for entities such as Verizon.

12             b.  The W-9 Demand Letter states that the "IRS requires you to furnish this

13                 information [as requested on Form W-9] to us on a Form W-9. If you fail

14                 to do so, you may be subject to a $50 penalty imposed by the IRS." The

15                 letter instructs Plaintiff to send the completed W-9 to "Verizon Recovery".

16                 These statements are misleading because Verizon is not required to file a

17                 1099-C with the IRS, and even actual debtors are not required to provide

18                 Verizon with the Form W-9 information, so that the W-9 Threat Class

19                 members would not be subject to penalty by the IRS.

20             c.  The W-9 Demand Letter states that "to prevent us from being required to

21                 report to the IRS, you can make payment on the unpaid equipment charges

22                 by December 31, 2018" and "If payment has already been made, thank

23                 you -- you do not need to complete or return Form W-9, and we will not

24                 be reporting anything to the IRS." The W-9 information includes the W-9

25                 Threat Class member's current address and social security number, each

26                 of which would aid Verizon in collection of the debt. The letter was, then,

27                 merely an unfair ruse to attempt to collect a debt.

28

---

**CLASS ACTION COMPLAINT**

d.  The W-9 Demand Letter encloses a Form W-9, the instructions for which
state that: "An individual or entity (Form W-9 requester) who is *required
to file an Information return* with the IRS must obtain your correct
taxpayer identification number." (Italics added.)  Verizon knew or should
have known that it was not an entity which was "*required to file an
Information return*," so the letter is unfair and misleading in suggesting
that Verizon is such an entity.

76.  All members of the W-9 Threat Class who paid Verizon the debt sought to be
collected by the W-9 Demand Letter may have made the payment as the result of Verizon's
illegal business practices and is entitled to restitution.

77.  Verizon violated the UBPA by continuing to attempt to collect Identy Theft Debts
from the Identy Theft Class after receiving the First Notice; by continuing collection efforts
against the Second Notice Subclass after receiving the Second Notice; by making false reports to
CRA's with respect to the CRA Furnisher Subclass, and; by filing or sending 1099-C's for the
Identity Theft Debts of the Filed 1099-C Subclass.

78.  Plaintiff lost money or property as a result of Verizon's unfair business practices.

## EIGHTH CAUSE OF ACTION

(Negligent Filing of Form 1099-C by Verizon, on behalf of the Filed 1099-C Subclass)

79.  Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37 of
this complaint.

80.  Verizon had a duty not to file a Form 1009-C with respect to any person whom it
knew or should have known did not owe it the debt described on that form.

81.  Verizon knew or should have known that members of the Filed 1099-C Subclass
did not owe it any money for the Identity Theft Debts.

82.  Verizon breached its duty to every member of the Filed 1099-C Subclass when it
sent or filed a 1099-C with respect to the member's Identity Theft Debt.

83.  The filing of a Form 1099-C with respect to a debt that is not owed by the debtor
listed on that form causes damage to that person.

**CLASS ACTION COMPLAINT**

1
2
## NINTH CAUSE OF ACTION
(Theft by John Doe, on behalf of Plaintiff)

3    84.    Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37 of
4    this complaint.

5    85.    John Doe fraudulently and illegally used Plaintiff's identity to obtain merchandise
6    on credit from Verizon.

7    86.    The identity theft by John Doe caused Plaintiff damage.

8    ## TENTH CAUSE OF ACTION
9    (Negligent Failure to Prevent Fraud by Verizon, on behalf of Plaintiff)

10    87.    Plaintiff incorporates by reference herein the allegations in paragraphs 1 – 37 of
11    this complaint.

12    88.    Verizon had a duty to Plaintiff to protect him from the identity theft damages by
13    having in place reasonable procedures which would prevent identity theft purchases, and
14    reasonable control and implementation procedures which would ensure that its employees
15    actually used the anti-theft procedures.

16    89.    Verizon breached its duty to have reasonable procedures to prevent identity theft
17    purchases, or breached its duty to implement those procedures, by allowing John Doe to
18    purchase its goods in the State of California using Plaintiff's stolen identity.

19    90.    Verizon's breach of its duties caused Plaintiff damage.

20    **WHEREFORE**, Plaintiff prays for certification of the Classes and Subclasses and judgment on
21    behalf of Plaintiff and the Classes and Subclasses against Verizon and John Doe, as follows:

22    1.    Determination that the members of the Identity Theft Class are victims of identity
23    theft and that Verizon is a claimant for those debts, pursuant to the First Cause of Action;

24    2.    For civil penalties on behalf of the Second Notice Subclass, pursuant to the
25    Second Cause of Action;

26    3.    A judgment that the Second Notice Subclass has established that it gave Verizon
27    proper notice, and after notice Verizon continued collection efforts, under Cal. Civ. Code §
28    1798.93(c)(6)(A) & (C), pursuant to the Third Cause of Action;

---

**CLASS ACTION COMPLAINT**

1      4.      A judgment determining that Verizon failed to properly investigate the identity

2  theft claims of the Second Notice Subclass (Cal. Civ. Code § 1798.93(c)(6)(B)), pursuant to the

3  Fourth Cause of Action;

4      5.      For damages and injunctive relief against Verizon for negligent violation of Cal.

5  Civ. Code § 1785.25(a) on behalf of the CRA Furnisher Subclass, pursuant to the Fifth Cause of

6  Action;

7      6.      For punitive damages of $5,000 per class member, and classwide punitive

8  damages as determined by the Court against Verizon, for willful violation of Cal. Civ. Code §

9  1785.25(a) on behalf of persons who are members of both the Second Notice and CRA Furnisher

10  Subclasses, pursuant to the Sixth Cause of Action;

11      7.      For public injunctive and restitutionary relief against Verizon for both Classes for

12  violation of the Unfair Business Practice Act, pursuant to the Seventh Cause of Action;

13      8.      For damages against Verizon for negligent filing of Form 1099-C's on behalf of

14  the Filed 1099-C Subclass, pursuant to the Eighth Cause of Action;

15      9.      For damages for identity theft against John Doe on behalf of Plaintiff, pursuant to

16  the Ninth Cause of Action;

17      10.     For damages against Verizon for negligently allowing John Doe to obtain

18  merchandise using Plaintiff's identity, on behalf of Plaintiff, pursuant to the Tenth Cause of

19  Action;

20      11.     For reasonable attorney's fees;

21      12.     For costs of suit and expenses herein incurred; and for such other and further

22  relief as the Court may deem proper.

23      Date: May 31, 2019

24                               LAW OFFICES OF S. CHANDLER VISHER

25                               ALAN M. KAUFMAN

26                               By: _S. Chandler Visher_

                                  S. Chandler Visher, Attorneys for Plaintiff

27

28

---

**CLASS ACTION COMPLAINT**

2/12/2019                          https://usa.experian.com/#/print/experian/201902122137050570

JESSE B KAUFMAN - Experian
Date of Report: Feb 12, 2019



⚠                                    **VERIZON WIRELESS**                                          Closed
                                     **273323XXXXXXXX**

**ACCOUNT DETAILS**                          **CONTACT INFORMATION**

Account Name            VERIZON WIRELESS     PO BOX 650051
                                             DALLAS, TX 75265
Account #               273323XXXXXXXX       (800) 852-1922

Original Creditor                    .       **PAYMENT HISTORY**

Company Sold                                 | | 2019 | | | | 2018 | | | | 2017 | | |
                                             |---|---|---|---|---|---|---|---|---|---|---|---|
Account Type            OTHER                | Jan | Feb | Mar | Apr | Jan | Feb | Mar | Apr | Jan | Feb | Mar | Apr |
                                             | FP | | | | FP | FP | FP | FP | | | | |
Date Opened             Apr 2017             | May | Jun | Jul | Aug | May | Jun | Jul | Aug | May | Jun | Jul | Aug |
                                             | | | | | FP | FP | FP | FP | FP | FP | FP | FP |
Account Status          Closed              | Sep | Oct | Nov | Dec | Sep | Oct | Nov | Dec | Sep | Oct | Nov | Dec |
                                             | | | | | FP | FP | FP | FP | FP | FP | FP | FP |

Payment Status    Seriously past due date / assigned to attorney, collection     FP  Failed to Pay
                  agency, or credit grantor's internal collection department

Status Updated          May 2017

Balance                 $2,562

Balance                 Jan 31, 2019
Updated

Original Balance        $0

Monthly                      .
Payment

Past Due                $2,562
Amount

Highest Balance         $2,562

Terms                   1 Month

Responsibility          Individual

Your Statement

Comments                Account in dispute-reported by subscriber

                  Account information disputed by consumer under the Fair
                               Credit Reporting Act

┌──────────────────────────────────────────────────────────────────────────────────────┐
│  *Summary*  〉 *Accounts (Closed)* 〉 *Collections* 〉 *Inquiries* 〉*Public Records*〉 *Credit Score* │
└──────────────────────────────────────────────────────────────────────────────────────┘

# verizon✓

P. O. Box 650051
Dallas, TX 75265-0051

11/29/18

JESSE KAUFMAN
5145 PINECREST DR
OAKLAND        CA  94605

000013150
P211

Dear Verizon Customer:

* * * URGENT * * *

ACCOUNT NUMBER:  027332303800001
Verizon is obligated to report unpaid equipment charges on written off
accounts pursuant to our policy to both the IRS and you, the customer.
 - Our records indicate your written off account includes unpaid
   equipment charges that we will be required to report to the IRS
   on a Form 1099-C.
We need you to validate your correct information (Name, Address, Social
Security Number or Tax ID number) in order to report accurately to you
and to the IRS.  The IRS requires you to furnish this information to us
on a Form W-9.  If you fail to do so, you may be subject to a $50 penalty
imposed by the IRS.  Please update the enclosed Form W-9 and return it
NO LATER than January 15, 2019 to Verizon at:
                Verizon Recovery
                P.O. Box 650051
                Dallas, TX 75265-0051

For your convenience, and to prevent us from being required to report to
the IRS, you can make payment on the unpaid equipment charges by
December 31, 2018 by visiting our easy-to-use and secure payment website
at www.verizonwireless.com/PayMyBill.
We accept checks, debit cards and most major credit cards. Payments can
be made 24 hours a day, free of charge. If you make payment, you do not
need to complete or return Form W-9.

If payment has already been made, thank you -- you do not need to complete
or return Form W-9, and we will not be reporting anything to the IRS.

Sincerely,
Verizon Customer Financial Services

DETACH HERE AND RETURN FOR TIMELY PROCESSING

Please include your account number(s) on your check:
Account Number:  027332303800001
Market Code:

_See enclosed letter_

JESSE KAUFMAN

5145 PINECREST DR
OAKLAND        CA  94605

P.O. Box 650051
Dallas, TX 75265-0051

| Form **W-9** | **Request for Taxpayer** | **Give Form to the** |
|---|---|---|
| (Rev. November 2017)<br>Department of the Treasury<br>Internal Revenue Service | **Identification Number and Certification**<br><br>▶ Go to *www.irs.gov/FormW9* for instructions and the latest information. | **requester. Do not<br>send to the IRS.** |

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only one of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC    ☐ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is not disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶ _____

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**6** City, state, and ZIP code

**7** List account number(s) here (optional)

Requester's name and address (optional)

*See Specific Instructions on page 3.* / *Print or type.*

---

**Part I    Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN,* later.

Note: If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number

☐☐☐ – ☐☐ – ☐☐☐☐

or

Employer identification number

☐☐ – ☐☐☐☐☐☐☐

---

**Part II    Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

Certification instructions. You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

| Sign<br>Here | Signature of<br>U.S. person ▶ | Date ▶ |
|---|---|---|

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See What is backup withholding, later.*

Exhibit B to Complaint          21 of 26

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

## Specific Instructions

### Line 1

You must enter one of the following on this line; **do not leave this line blank.** The name should match the name on your tax return.

If this Form W-9 is for a joint account (other than an account maintained by a foreign financial institution (FFI)), list first, and then circle, the name of the person or entity whose number you entered in Part I of Form W-9. If you are providing Form W-9 to an FFI to document a joint account, each holder of the account that is a U.S. person must provide a Form W-9.

**a. Individual.** Generally, enter the name shown on your tax return. If you have changed your last name without informing the Social Security Administration (SSA) of the name change, enter your first name, the last name as shown on your social security card, and your new last name.

**Note:** ITIN applicant: Enter your individual name as it was entered on your Form W-7 application, line 1a. This should also be the same as the name you entered on the Form 1040/1040A/1040EZ you filed with your application.

**b. Sole proprietor or single-member LLC.** Enter your individual name as shown on your 1040/1040A/1040EZ on line 1. You may enter your business, trade, or "doing business as" (DBA) name on line 2.

**c. Partnership, LLC that is not a single-member LLC, C corporation, or S corporation.** Enter the entity's name as shown on the entity's tax return on line 1 and any business, trade, or DBA name on line 2.

**d. Other entities.** Enter your name as shown on required U.S. federal tax documents on line 1. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on line 2.

**e. Disregarded entity.** For U.S. federal tax purposes, an entity that is disregarded as an entity separate from its owner is treated as a "disregarded entity." See Regulations section 301.7701-2(c)(2)(iii). Enter the owner's name on line 1. The name of the entity entered on line 1 should never be a disregarded entity. The name on line 1 should be the name shown on the income tax return on which the income should be reported. For example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a single owner that is a U.S. person, the U.S. owner's name is required to be provided on line 1. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on line 2, "Business name/disregarded entity name." If the owner of the disregarded entity is a foreign person, the owner must complete an appropriate Form W-8 instead of a Form W-9. This is the case even if the foreign person has a U.S. TIN.

### Line 2

If you have a business name, trade name, DBA name, or disregarded entity name, you may enter it on line 2.

### Line 3

Check the appropriate box on line 3 for the U.S. federal tax classification of the person whose name is entered on line 1. Check only one box on line 3.

| IF the entity/person on line 1 is a(n) . . . | THEN check the box for . . . |
|---|---|
| • Corporation | Corporation |
| • Individual<br>• Sole proprietorship, or<br>• Single-member limited liability company (LLC) owned by an individual and disregarded for U.S. federal tax purposes. | Individual/sole proprietor or single-member LLC |
| • LLC treated as a partnership for U.S. federal tax purposes,<br>• LLC that has filed Form 8832 or 2553 to be taxed as a corporation, or<br>• LLC that is disregarded as an entity separate from its owner but the owner is another LLC that is not disregarded for U.S. federal tax purposes. | Limited liability company and enter the appropriate tax classification. (P= Partnership; C= C corporation; or S= S corporation) |
| • Partnership | Partnership |
| • Trust/estate | Trust/estate |

### Line 4, Exemptions

If you are exempt from backup withholding and/or FATCA reporting, enter in the appropriate space on line 4 any code(s) that may apply to you.

**Exempt payee code.**

• Generally, individuals (including sole proprietors) are not exempt from backup withholding.

• Except as provided below, corporations are exempt from backup withholding for certain payments, including interest and dividends.

• Corporations are not exempt from backup withholding for payments made in settlement of payment card or third party network transactions.

• Corporations are not exempt from backup withholding with respect to attorneys' fees or gross proceeds paid to attorneys, and corporations that provide medical or health care services are not exempt with respect to payments reportable on Form 1099-MISC.

The following codes identify payees that are exempt from backup withholding. Enter the appropriate code in the space in line 4.

1—An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2)

2—The United States or any of its agencies or instrumentalities

3—A state, the District of Columbia, a U.S. commonwealth or possession, or any of their political subdivisions or instrumentalities

4—A foreign government or any of its political subdivisions, agencies, or instrumentalities

5—A corporation

6—A dealer in securities or commodities required to register in the United States, the District of Columbia, or a U.S. commonwealth or possession

7—A futures commission merchant registered with the Commodity Futures Trading Commission

8—A real estate investment trust

9—An entity registered at all times during the tax year under the Investment Company Act of 1940

10—A common trust fund operated by a bank under section 584(a)

11—A financial institution

12—A middleman known in the investment community as a nominee or custodian

13—A trust exempt from tax under section 664 or described in section 4947

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments made in settlement of payment card and third party network transactions, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), ABLE accounts (under section 529A), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) other than an account maintained by an FFI | The actual owner of the account or, if combined funds, the first individual on the account[1] |
| 3. Two or more U.S. persons (joint account maintained by an FFI) | Each holder of the account |
| 4. Custodial account of a minor (Uniform Gift to Minors Act) | The minor[2] |
| 5. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee[1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner[1] |
| 6. Sole proprietorship or disregarded entity owned by an individual | The owner[3] |
| 7. Grantor trust filing under Optional Form 1099 Filing Method 1 (see Regulations section 1.671-4(b)(2)(i)(A)) | The grantor* |

| For this type of account: | Give name and EIN of: |
|---|---|
| 8. Disregarded entity not owned by an individual | The owner |
| 9. A valid trust, estate, or pension trust | Legal entity[4] |
| 10. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 11. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 12. Partnership or multi-member LLC | The partnership |
| 13. A broker or registered nominee | The broker or nominee |
| 14. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 15. Grantor trust filing under the Form 1041 Filing Method or the Optional Form 1099 Filing Method 2 (see Regulations section 1.671-4(b)(2)(i)(B)) | The trust |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or DBA name on the "Business name/disregarded entity" name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships*, earlier.

***Note:** The grantor also must provide a Form W-9 to trustee of trust.

**Note:** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records From Identity Theft

Identity theft occurs when someone uses your personal information such as your name, SSN, or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:

- Protect your SSN,
- Ensure your employer is protecting your SSN, and
- Be careful when choosing a tax preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity or credit report, contact the IRS Identity Theft Hotline at 1-800-908-4490 or submit Form 14039.

For more information, see Pub. 5027, Identity Theft Information for Taxpayers.

Victims of identity theft who are experiencing economic harm or a systemic problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

# KAUFMAN & KAUFMAN
## Attorneys at Law
369 Pine Street, Suite 218
San Francisco, CA 94104
(415) 956-7770
*(415) 956-7773 (Fax)*

Alan M. Kaufman
Alan@KaufmanLawSF.com

David J. Kaufman
David@KaufmanLawSF.com

December 17, 2018

Verizon Recovery
P.O. Box 650051
Dallas, TX 75265-0051

Re:   Jesse Kaufman
      Account no. 027332303800001

Dear Sir/Madam:

I am the father of Jesse Kaufman.

Enclosed is your letter dated November 29, 2018 concerning a write off account for unpaid equipment charges for Jesse Kaufman.

Please be advised that Jesse Kaufman has never had an account with Verizon for service or equipment.

You previously sent bills for service and equipment to Jesse Kaufman Upon receipt of the bills, I wrote to you advising you that Jesse Kaufman never open an account with or purchased or leased equipment from Verizon and that any transactions that may have occurred were by an imposter using Jesse Kaufman's personal Identification information without his knowledge or authorization. In addition to using Jesse Kaufman's stolen personal identity information in transactions with Verizon, the person or persons involved also used Jesse Kaufman's personal identification information to purchase 2 automobiles. Presumably you researched the matter based on the information I previously provided and determined that Jesse Kaufman had no liability to Verison as you ceased billing him.

Now, months after the matter was resolved, you are again attempting to involve Jesse Kaufman in your attempts to write off your losses when you know or should know that he has never purchased or leased equipment from Verizon.

As Jesse has never had an account or purchased equipment from Verizon, he is not responding to your request for information and it is requested that you provide confirmation that you have taken appropriate action to insure that Jesse Kaufman does not incur any liability with IRS. If he does incur liability as a result of your negligence in not correcting your records, it will be dealt with

Exhibit C to Complaint                                                        24 of 26

accordingly.

If you have any questions, please contact me.

Yours truly,

Alan M. Kaufman

AMK/bek
Encl.

Exhibit C to Complaint                    25 of 26



P.O. BOX 650051
DALLAS, TX 75265-0051

᠁ⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏⵏ   000014687
                                                    P201

JESSE KAUFMAN
5145 PINECREST DR
OAKLAND          CA 94605

---

| | | |
|---|---|---|
| ☐ CORRECTED (if checked) | | |
| CREDITOR'S name, street address, city, state, ZIP code, and telephone no.<br><br>VERIZON RECOVERY<br>P.O. BOX 650051<br>DALLAS, TX 75265-0051<br><br>800-852-1922 | 1 Date of identifiable event<br>12/01/2018 | OMB No. 1545-1424<br><br>2018<br><br>Form **1099-C** |
| | 2 Amount of debt discharged<br>$ 2,280.00 | |
| | 3 Interest if included in box 2<br>$ 0.00 | |

| | | | |
|---|---|---|---|
| CREDITOR'S Federal identification no. | DEBTOR'S identification number | 4 Debt description<br><br>EQUIP WRITE-OFF | **CANCELLATION<br>OF DEBT** |
| ▮▮▮▮ | ▮▮▮▮ | | **Copy B<br>For Debtor** |
| DEBTOR'S name, Street address (including apt. no.), City, state, and ZIP code<br><br>JESSE KAUFMAN<br>5145 PINECREST DR<br>OAKLAND          CA 94605 | | 5 If checked, the debtor was personally liable for<br>repayment of the debt . . . . . . . . . ▶ ☒ | This is important tax<br>information and is<br>being furnished to the<br>Internal Revenue<br>Service. If you are<br>required to file a<br>return, a negligence<br>penalty or other<br>sanction may be<br>imposed on you if<br>taxable income<br>results from this<br>transaction and the<br>IRS determines that it<br>has not been<br>reported. |
| Account number (see instructions)<br>027332303800001 | | 6 Identifiable event code<br>G | 7 Fair Market Value of property<br>$ |

Form 1099-C          (keep for your records.)          Department of the Treasury - Internal Revenue Service

---

## Instructions for Debtor

You received this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (canceled or, forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more. If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040. However, you may not have to include all of the canceled debt in your income. There are exceptions and exclusions, such as bankruptcy and insolvency. See Pub. 4681, available at IRS.gov, for more details. If an identifiable event has occurred but the debt has not actually been discharged, then include any discharged debt in your income in the year that it is actually discharged, unless an exception or exclusion applies to you in that year.
**Debtor's identification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), or adoption taxpayer identification number (ATIN). However, the creditor has reported your complete identification number to the IRS and, where applicable, to state and/or local governments.

**Account number.** May show an account or other unique number the creditor assigned to distinguish your account.
**Box 1.** Shows the date the earliest identifiable event occurred or, at the creditor's discretion, the date of an actual discharge that occurred before an identifiable event. See the code in box 6.
**Box 2.** Shows the amount of debt either actually or deemed discharged. **Note.** If you do not agree with the amount, contact your creditor.
**Box 3.** Shows if interest is included in the debt reported in box 2. See Pub. 4681 to see if you must include the interest in gross income.

**Box 4.** Shows a description of the debt. If box 7 is completed, box 4 also shows a description of the property.
**Box 5.** Shows whether you were personally liable for repayment of the debt when the debt was created or, if modified, at the time of the last modification. See Pub. 4681 for reporting instructions.
**Box 6.** Shows the reason your creditor has filed this form. The codes in this box are described in more detail in Pub. 4681. A—Bankruptcy; B—Other judicial debt relief; C—Statute of limitations or expiration of deficiency period; D—Foreclosure election; E—Debt relief from probate or similar proceeding; F—By agreement; G—Decision or policy to discontinue collection; H—Expiration of nonpayment testing period; or I—Other actual discharge before identifiable event.
**Box 7.**
If, in the same calendar year, a foreclosure or abandonment of property occurred in connection with the cancellation of the debt, the fair market value (FMV) of the property will be shown, or you will receive a separate Form 1099-A. Generally, the gross foreclosure bid price is considered to be the FMV. For an abandonment or voluntary conveyance in lieu of foreclosure, the FMV is generally the appraised value of the property. You may have income or loss because of the acquisition or abandonment. See Pub. 4681 for information about foreclosures and abandonments. If the property was your main home, see Pub. 523 to figure any taxable gain or ordinary income.
**Future developments.** For the latest information about developments related to Form 1099-C and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/form1099c.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Law Offices of S. Chandler Visher<br>S. Chandler Visher, State Bar No. 52957<br>268 Bush St., #4600<br>San Francisco, CA 94104 | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>May 31, 2019 |

TELEPHONE NO.: (415) 901-0500          FAX NO.: (415) 901-0504

ATTORNEY FOR (Name): Plaintiff Jesse Kaufman

CLERK OF
THE SUPERIOR COURT
By Xian-xii Bowie, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, CA 94162
BRANCH NAME: Rene C. Davidson Courthouse

CASE NUMBER:

**RG19021474**

CASE NAME:
Jesse Kaufman v. Verizon Communications, Inc., John Doe, Does I - X

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☑ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 10
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 31, 2019

S. Chandler Visher
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

┌ LAW OFFICES OF S. CHANDLER ┐   ┌ Verizon Communications, Inc. ┐
  VISHER
  Attn: Visher, S. Chandler
  268 Bush Street
└ #4500                      ┘   └                              ┘
  San Francisco, CA  94104____

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| Kaufman | No. <u>RG19021474</u> |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Verizon Communications, Inc. | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 07/10/2019   TIME: 09:00 AM   DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 08/13/2019   TIME: 09:01 AM   DEPARTMENT: 21
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 21 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6937. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 21.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb**.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 21.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 21 by e-mail at Dept.21@alameda.courts.ca.gov or by phone at (510) 267-6937.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  06/04/2019            Chad Finke  Executive Officer / Clerk of the Superior Court

                         By   _____
                                                               Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 06/04/2019.

                         By   _____
                                                               Deputy Clerk